Rahul CHADDHA, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Nos. 03–74565, 05–76827.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Dec. 1, 2006.

George T. Heridis, Esq., Zeena Batliwalla, Pouneh Ghaffarian, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Alison R. Drucker, Esq., Mona Maria Yousif, M. Jocelyn Wright, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD and THOMAS, Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM **

Rahul Chaddha, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We dismiss in part, deny in part and grant and remand in part the petition for review.

■ We lack jurisdiction to review the BIA's determination that Chaddha did not file for asylum within one year of entering the United States, see *Hakeem v. INS*, 273 F.3d 812, 815–16 (9th Cir.2001); 8 U.S.C. § 1158(a)(3), or whether extraordinary circumstances excused the late filing, see *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). We dismiss Chaddha's petition for review on the timeliness of his asylum claim.

We have jurisdiction pursuant to 8 U.S.C. § 1252 over the remaining claims. We review for substantial evidence the IJ's decision to deny withholding of removal, *Hakeem*, 273 F.3d at 816, and relief under CAT, *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003).

The IJ concluded that Chaddha failed to demonstrate a nexus between the government's conduct and a protected ground, because Chaddha did not show that the two incidents with the police were related to Chaddha's political opinion, religion, or his membership in a social group. The IJ determined that the police were interested in Chaddha only with regard to a criminal investigation into his relationship with Win Chadha, an arms dealer who allegedly stole millions from the government of India. The record supports some aspects of the IJ's conclusion, but not all of it.

■ Substantial evidence supports the IJ's conclusion that, with respect to the first arrest, there was no nexus to a protected ground. See *Dinu v. Ashcroft*, 372 F.3d 1041, 1044–45 (9th Cir.2004). Substantial evidence also supports the IJ's conclusion that the second arrest was not related to Chaddha's religion or membership in a social group. See *Ochave v. INS*, 254 F.3d 859, 865–66 (9th Cir.2001) (requiring alien to establish nexus between alleged persecution and protected ground).

■ The IJ, however, failed to consider Chaddha's claim that the second arrest was based on his imputed political opinion. See *Sangha v. INS*, 103 F.3d 1482, 1489

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir.1997) (citing standard for imputed political opinion). During the second arrest, the police began questioning Chaddha about the same issues for which he was first arrested, but then proceeded to link him with Sikh militant groups, asking him about a number of people with whom he had attended college. Administrative Record 82–84. The Sikh militant group about which Chaddha was questioned has been pressing for the creation of a Sikh state separate from India known as "Khalistan." We grant the petition on this claim and remand to allow the BIA to decide whether Chaddha established eligibility for withholding of removal based on his evidence of persecution on account of an imputed political opinion.

■ The IJ also concluded that Chaddha was not eligible for CAT relief because Chaddha could relocate to another part of India. Substantial evidence supports the IJ's finding. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1123 (9th Cir.2004) (explaining that "in the CAT context, unlike asylum, the petitioners have the burden of presenting evidence to show that internal relocation is not a possibility"). We deny the petition on the CAT claim. Finally, as we remand as to the merits of the petition for withholding of removal based on an imputed political opinion, we need not—and do not—make any determination as to the BIA's denial of petitioner's motion to reopen.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part, GRANTED in part and REMANDED.**

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent.

Chaddha's testimony recounts brutality at the hands of Indian law-enforcement. But being subjected to such treatment does not by itself make him eligible for withholding from removal. The police abuses cannot be the foundation for relief unless they were employed against him for a statutorily prohibited reason, such as his political opinions.[1] Illegitimate police behavior in pursuit of other goals, evidently to find another individual with a similar name suspected of arms dealing or to locate Sikh militants with whom Mr. Chaddha attended college, does not make him eligible for relief.[2]

Mr. Chaddha's testimony does not compel an inference that the police cared about his politics or imputed political opinions, only that they thought he could lead them to the other Chadha or to terrorists.

---

**1.** *Dinu v. Ashcroft,* 372 F.3d 1041, 1044 (9th Cir.2004).

